Wajih Ajib
760 West Sierra Avenue
Clovis, California 93612
P.O. Box 25911
Fresno, California 93729
(559) 472-6662



Attorney for Plaintiff, Wajih Ajib, Pro Se

## In The United States District Court
## Eastern District of California
*****

| | |
|---|---|
| WAJIH AJIB, | Case No.:3 CV 0 1 4 5 1 LJO SAB |
| Plaintiff | COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES, AND OTHER EQUITABLE RELIEF PURSUANT TO THE FEDERAL TRADE COMMISSION ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT |
| vs. | |
| FINANCIAL ASSISTANCE, INC., a Washington corporation, | |
| GUS CARLSON, Individually and as an Officer of Financial Assistance, Inc., | |
| BRAD WOODHOUSE, Individually and as an Officer of Financial Assistance, Inc., | AND DEMAND FOR JURY TRIAL |
| WELLS FARGO BANK, N.A., a South Dakota corporation, | |
| Defendants. | |

Plaintiff, WAJIH AJIB, Pro Per, in this Complaint alleges:

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND OTHER EQUITABLE
RELIEF PURSUANT TO THE FEDERAL TRADE COMMISSION'S (FTC) AND THE FAIR DEBT
COLLECTION PRACTICES ACT (15 U.S.C. 1601 et seq.). - 1

## JURISDICTION AND VENUE

1. This is an action arising under §§ 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57(b), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, to obtain monetary civil penalties, temporary, preliminary, and permanent injunctive relief for Defendants, and each of them, for their engagement in unfair and deceptive acts or practices in violation of § 5(a) of the FTC Act, 15 U.S.C. § 45(a), and for their engagement in unfair, deceptive, and abusive acts or practices in violation of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, and to obtain other equitable relief, including rescission of contracts, restitution, disgorgement, and other ancillary equitable relief to redress injury to Plaintiff resulting from Defendants' violations of the FTC Act and the FDCPA.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), 57(b), and 1692 *et seq.* This action arises under 15 U.S.C. §§ 45(a) and 1692 *et seq.*.

3. Venue in the Eastern District of California is proper under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

## THE PLAINTIFF

4. Plaintiff, Wajih Ajib, a Pro Se litigant, brings this action against the Defendants pursuant to the FTC Act, 15 U.S.C. §§ 53(b) and 57(b), and Section 814 of the FDCPA, 15 U.S.C. §1692 *et seq.*.

## THE DEFENDANTS

5. Defendant Financial Assistance Inc., aka FAICOLLECT Inc., (Financial), is a Washington corporation with its principal place of business located at 1130 140th Avenue NE, Suite 100A, Bellevue, Washington 98005. At all times relevant to this Complaint, Defendant Financial transacts or has transacted business in the Eastern District of California and throughout the United States.

6. Defendant Wells Fargo Bank, N.A., (Wells), is a South Dakota corporation with its principal place of business located at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104. At all times relevant to this Complaint, Defendant Wells transacts or has transacted business in the Eastern District of California and throughout the United States.

7. Defendant Gus Carlson ("Carlson") is President of Financial and was one of the main officers in charge of Financial's collection operations at its principal place of business located at 1130 140th Avenue NE, Suite 100A, Bellevue, Washington 98005, at all times relevant to this Complaint. Defendant Carlson played an active role in the management and/or supervision of Financial's debt collection activities. Defendant Carlson at times material to this Complaint, acting alone or in concert with others, has formulated, directed, controlled or had authority to control, or participated in the acts and practices of Financial, including the acts and practices alleged in this Complaint. Defendant Carlson knew or should have known of the violations described in this Complaint. At all times relevant to this Complaint, Defendant Carlson in connection with the matters alleged herein, transacts or has transacted business in and resided in the Eastern District of California.

8. Defendant Brad Woodhouse ("Woodhouse") is an Account Representative of Financial and was one of the main officers in charge of Financial's collection operations at its 1130 140th Avenue NE, Suite 100A, Bellevue, Washington 98005, at all times relevant to this Complaint. Defendant Woodhouse played an active role in the management and/or supervision of Financial's debt collection activities. Defendant Woodhouse at times material to this Complaint, acting alone or in concert with others, has formulated, directed, controlled or had authority to control, or participated in the acts and practices of Financial, including the acts and practices alleged in this Complaint. Defendant Woodhouse knew or should have known of the violations described in this

Complaint. At all times relevant to this Complaint, Defendant Woodhouse in connection with the matters alleged herein, transacts or has transacted business in and resided in the Eastern District of California.

9. Defendants Financial, Carlson and Woodhouse are "debt collectors" as defined in Section 803 (6) of the FDCPA, 15 U.S.C. § 1692 a(6).

## COMMERCE

10. At all times material to this Complaint, Defendants Financial, Carlson, and Woodhouse have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

11. Defendants Financial, Carlson and Woodhouse, are "debt collectors" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

12. A "consumer," as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), "means any natural person obligated or allegedly obligated to pay any debt."

13. A "consumer debt," as defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), "means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

14. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 16921(a), the acts and practices alleged in this Complaint also constitute unfair acts or practices in violation of the FTC Act.

## DEFENDANTS' BUSINESS PRACTICES

15. Defendants Financial, Carlson and Woodhouse, and each of them,, from their offices in Bellevue, Washington, have engaged in consumer debt collection activities throughout the United States.

16. On numerous occasions, Defendants Financial, Carlson and Woodhouse, and each of them, threatened or implied that Financial would garnish Plaintiff's wages, seize or attach Plaintiff's property, or initiate lawsuits against Plaintiff if he failed to pay Financial. Defendants Financial, Carlson and Woodhouse, and each of them, also made additional threats, including that criminal actions would be taken against Plaintiff or that Plaintiff would be arrested.

17. In truth and in fact, on numerous occasions, when Defendants Financial, Carlson and Woodhouse, and each of them, made the threats alleged in Paragraph 16 above, Defendants Financial, Carlson and Woodhouse, and each of them, had no legal authority or intent to garnish Plaintiff's wages, seize or attach Plaintiff's property, initiate lawsuits against Plaintiff if he failed to pay Financial, or have Plaintiff prosecuted or arrested.

18. On numerous occasions, Defendants Financial, Carlson and Woodhouse, and each of them, called Plaintiff at his place of employment even though the collectors knew or had reason to know that the Plaintiff's employer prohibited the Plaintiff from receiving such communications. Defendants Financial, Carlson and Woodhouse, and each of them, also, on numerous occasions, disclosed the alleged existence of debts to third parties, such as the Plaintiff's employers, co-workers. Defendants Financial, Carlson and Woodhouse, and each of them, also continued to contact third parties, even after third parties told them not to call.

19. Defendants Financial, Carlson and Woodhouse, and each of them, also called Plaintiff at times and places they knew were inconvenient for Plaintiff to receive calls.

20. On numerous occasions, Defendants Financial, Carlson and Woodhouse, and each of them, used harassing and abusive tactics. Defendants Financial, Carlson and Woodhouse, and each of them, called Plaintiff multiple

times a day, including calling Plaintiff right back after being hung up on the Plaintiff. In addition, Defendants Financial, Carlson and Woodhouse, and each of them, used abusive language, including profanity when speaking with Plaintiff.

21. On numerous occasions, Defendants Financial, Carlson and Woodhouse, and each of them, stated in the initial communication with the Plaintiff and in subsequent communications that they were attempting to collect an alleged personal debt and that any information would be used for that purpose.

22. Financial is a corporation that engages in the business and practice of collecting consumer and commercial debts owed to creditors and was assigned by Defendant Wells for that purpose.

23. Defendant Wells, after having assigned the alleged debt owed by Plaintiff to Financial, has attempted to knowingly collect an unverified debt that had been assigned to Defendant Financial.

24. Wells, while attempting to collect the alleged debt from Plaintiff, engaged in deceptive, unfair, and abusive practices in almost every facet of their dealings with Plaintiff from whom they are trying to collect.

25. Wells harassed and abused Plaintiff with repeated phone calls; disclosed alleged debts to third-parties, including co-workers and employees; and falsely threatened legal action, arrest, imprisonment, garnishment, or seizure.

## NATURE OF ENFORCEMENT OF ACTION

26. This enforcement action is brought to remedy unlawful acts and practices by Defendants Financial, Carlson and Woodhouse, and each of them, in attempting to collect money from Plaintiff. Defendants Financial, Carlson and Woodhouse, and each of them, have engaged in deceptive, unfair, and abusive practices in almost every facet of their dealings with Plaintiff from whom they are trying to collect.

27. Financial is a debt collector, marketing themselves as third-party,

contingency fee, debt collectors, and is the assignee for Defendant Wells.

28. In their collection efforts, Defendants Financial, Carlson and Woodhouse, and each of them, Carlson and Woodhouse, have frequently and unlawfully: (1) harassed and abused Plaintiff with repeated phone calls and profane insults and threats; (2) disclosed alleged debts to third-parties, including co-workers and employees; and (3) falsely threatened legal action, arrest, imprisonment, garnishment, or seizure. In addition, even when Defendants Financial, Carlson and Woodhouse, and each of them, were informed in writing not to communicate by any other means than writing, where all requests were ignored, Defendants Financial, Carlson and Woodhouse, and each of them, continued to harass, threaten, slander, and defame Plaintiff to third-parties, including co-workers and employees.

29. This enforcement action is brought to remedy unlawful acts and practices by Defendant Wells in attempting to collect money from Plaintiff. Wells has engaged in deceptive, unfair, and abusive practices in almost every facet of their dealings with Plaintiff from whom they are trying to collect, and have frequently and unlawfully: (1) harassed and abused Plaintiff with repeated phone calls and profane insults and threats; (2) disclosed alleged debts to third-parties, including co-workers and employees; and (3) falsely threatened legal action, arrest, imprisonment, garnishment, or seizure. In addition, even when Wells was informed in writing not to communicate by any other means than writing, where all requests were ignored, Wells continued to harass, threaten, slander, and defame Plaintiff to third-parties, including co-workers and employees.

30. Wells has attempted to knowingly collect an unverified debt that they have already assigned to Financial who is actively attempting to collect the alleged debt from Plaintiff.

### Defendants' Unfair, Deceptive, and Abusive Collection Practices

31. Defendant Financial once engaged to collect a debt, has failed to verify said alleged debt, and has used telephone calls and dunning letters to contact Plaintiff claiming to allegedly owe the debt, in an attempt to try to collect payment from Plaintiff.

32. In many instances, in collection calls or in dunning letters, Defendants Financial, Carlson and Woodhouse, and each of them, have threatened that, unless Defendants Financial, Carlson and Woodhouse, and each of them, receives prompt payment, they will have the Plaintiff arrested, or will seize, garnish, attach, or sell the Plaintiff's property or wages. In fact, after Defendants Financial, Carlson and Woodhouse, and each of them, made these threats, they have not sought to have the Plaintiff arrested or seized, garnished, attached or sold any of the Plaintiff's property or wages, even if payment was not made.

33. In many cases, Defendants Financial, Carlson and Woodhouse, and each of them, have told Plaintiff that legal action against Plaintiff has been taken or will be taken shortly. For example, one of Financial's form dunning letters states that "Unless you contact me by the 12th of April we are strongly suggesting that the Bank begin litigation against you," **and** "we are suggesting to the Bank that they seek judgment against you and your marital community property based on the breach of your business line of credit" **and** "litigation can be expensive and available judgment remedies do include asset attachment, wage garnishments and property liens".

34. On numerous occasions, Defendants Financial, Carlson and Woodhouse, and each of them, have called Plaintiff repeatedly or continuously with the intent to annoy, harass, or abuse. For example, Defendants Financial, Carlson and Woodhouse, and each of them, have: (a) continued to call Plaintiff even after being told, both orally or in writing, to stop; (b) continued to call Plaintiff even after being told that the person with whom they are speaking is not

the Plaintiff whom Defendants Financial, Carlson and Woodhouse, and each of them, are attempting to contact; (c) have immediately called Plaintiff back right after the Plaintiff had terminated the previous call; and (d) called Plaintiff multiple times per day or multiple times over an extended period of time.

35. In many instances, Defendants Financial, Carlson and Woodhouse, and each of them, have used obscene or profane language or language, the natural consequence of which, is to abuse the hearer or reader. For example, Defendants Financial, Carlson and Woodhouse, and each of them, have used abusive and profane language against Plaintiff, and Plaintiff's co-workers and employers. Defendants Financial, Carlson and Woodhouse, and each of them, have called Plaintiff a "thief," and a "con artist".

36. In many cases, Defendants Financial, Carlson and Woodhouse, and each of them, have also threatened to use other criminal means to harm the Plaintiff's reputation, or property of Plaintiff.

37. Defendants Financial, Carlson and Woodhouse, and each of them, have also on many occasions disclosed alleged debts to Plaintiff's coworkers, employers, and other third parties, revealing the existence of the alleged debt, its amount, and or its nature.

38. Defendant Wells Fargo N.A. has engaged in deceptive, unfair, and abusive practices in almost every facet of their dealings with Plaintiff from whom they are trying to collect, and have harassed and abused Plaintiff with repeated phone calls; (2) disclosed alleged debts to third-parties, including co-workers and employers; and (3) falsely threatened legal action, arrest, imprisonment, garnishment, or seizure.

39. Wells has knowingly attempted to collect an alleged debt from Plaintiff that has not been verified, and, in fact, has been assigned to Financial for collection.

## VIOLATION OF SECTION 5 OF THE FTC ACT

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF PURSUANT TO THE FEDERAL TRADE COMMISSION'S (FTC) AND THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. 1601 et seq.). - 9

40. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

41. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act. Acts or practices are unfair under Section 5 of the FTC Act if they cause substantial injury to consumers (small businesses or individuals) that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition.

## COUNT ONE

42. In their collection efforts and on numerous occasions, Defendant Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, have frequently and unlawfully: (1) harassed and abused Plaintiff with repeated phone calls and profane insults and threats;

43. Therefore, Defendants Financial, Carlson and Woodhouse, and each of them, actions as set forth in Paragraph 42 constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT TWO

44. In their collection efforts and on numerous occasions, Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, represented to Plaintiff, expressly or by implication, that:

    a) Nonpayment of the alleged debt would result in garnishment of a Plaintiff's wages;

    b) Nonpayment of the alleged debt would result in Plaintiff's property being seized or attached or result in Plaintiff's arrest;

    c) The individuals who acted as agents or otherwise on behalf of Financial and who contacted Plaintiff were attorneys, or that a communication from Financial, their agents, or others who acted on their behalf was from an attorney; and

      d)     Financial or the creditor it represented intended to take legal action against Plaintiff.

45.    In truth and in fact, on numerous such occasions:

      a)     Nonpayment of the alleged debt did not result in garnishment of a Plaintiff's wages;

      b)     Nonpayment of the alleged debt did not result in Plaintiff's property being seized or attached or result in Plaintiff's arrest.

46.    Therefore, Defendants Financial, Carlson and Woodhouse, and each of them, actions as set forth in Paragraph 44 constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

47.    In 1977, Congress passed the FDCPA, 15 U.S.C. § 1692 *et seq.,* which became effective on March 20, 1978, and has been in force since that date. Under the provisions of Section 814 of the FDCPA, 15 U.S.C. § 1692 *et seq* and by the powers under the FTC Act, a violation of the FDCPA is deemed an unfair or deceptive act or practice in violation of the FTC Act.

### COUNT THREE

48.    In their collection efforts and on numerous occasions, Financial , directly or indirectly, communicated with third parties, including employers, co-workers, and for purposes other than acquiring location information about Plaintiff, without the prior consent of the Plaintiff given directly to the debt collector or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment judicial remedy, in violation of Section 805 (b) of the FDCPA, 15 U.S.C. § 1692c(b).

### COUNT FOUR

49.    In their collection efforts and on numerous occasions, Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, when communicating with persons other than the Plaintiff for the alleged purpose

of acquiring location information about the Plaintiff, violated Section 804(2) FDCPA, 15 U.S.C. § 1692b, including, but not limited to, the following:

    a.    State that the Plaintiff owed an alleged debt, in violation of Section 804(2) of the FDCPA, 15 U.S.C. § 1692b(2); and

    b.    Communicated with third parties more than once, when not requested to do so by such person and when the Defendants Financial, Carlson and Woodhouse, and each of them had no reasonable belief that the earlier response of such person was erroneous or incomplete and that the person had correct or complete location information to provide, in violation of Section 804(3) of the FDCPA, 15 U.S.C. § 1692b(3).

## COUNT FIVE

49. In their collection efforts and on numerous occasions, Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, used false, deceptive, or misleading representations or means, in violation of the Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

    a.    Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, falsely represented to or implied to Plaintiff that nonpayment of the alleged debt would result in the arrest or imprisonment of a person or the seizure, garnishment, or attachment of a person's property or wages, when such action was not lawful or when neither Defendants Financial, Carlson and Woodhouse, and each of them, nor the creditor had the intention of taking such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e3(4);

    b.    Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, threatened to take actions that

could not legally be taken or that were not intended to be taken, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5);

c. Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, used false representations or deceptive means to collect or attempt to collect alleged debts or to obtain information concerning Plaintiff, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10);

d. Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, failed to disclose in the initial oral communication with the Plaintiff that the debt collector was attempting to collect the alleged debt and that any information would be used for that purpose, and failed to disclose in subsequent communications that the communication was from a debt collector (when such communications were not formal pleadings made in connection with a legal action), in violation of Section 807(11) of the FDCPA, 15 U.S.C. § 1692e(11).

## COUNT SIX

50. In their collection efforts and on numerous occasions, Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, without the prior consent of the Plaintiff given directly to the debt collector or the express permission of a court of competent jurisdiction, Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, communicated with a consumer at Plaintiff's place of employment when Defendants Financial, Carlson and Woodhouse, and each of them, knew, directly or indirectly, that the Plaintiff's employer prohibited the consumer from receiving such communication, in violation of Section 805(a)(3) of the FDCPA, 15 U.S.C. § 1692c(a)(3).

## COUNT SEVEN

51. In their collection efforts and on numerous occasions, Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, without the prior consent of the Plaintiff given directly to the debt collector or the express permission of a court of competent jurisdiction, Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, communicated with a consumer at a time or place that Defendants Financial, Carlson and Woodhouse, and each of them, knew or should have known was inconvenient to the Plaintiff, including, but not limited to, (a) communicating with the Plaintiff before 8am and after 9pm at the Plaintiff's location, and (b) communicating with the Plaintiff at the Plaintiff's place of employment when Defendants Financial, Carlson and Woodhouse, and each of them, knew or should have known that was inconvenient for the consumer to receive such communications, in violation of Section 805(a)(1) of the FDCPA, 15 U.S.C. § 1692c(a)(1).

## COUNT EIGHT

52. In their collection efforts and on numerous occasions, Defendants Financial, Carlson and Woodhouse, and each of them, , directly or indirectly, engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to, the following:

    a) Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, used or threatened other criminal means to harm the reputation, or property of a person, in violation of Section 806(1) of the FDCPA, 15 U.S.C. § 1692d(1);

    b) Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, used obscene or profane language, or language the natural consequence of which was to abuse

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF PURSUANT TO THE FEDERAL TRADE COMMISSION'S (FTC) AND THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. 1601 et seq.). - 14

    the hearer, in violation of Section 806(1) of the FDCPA, 15 U.S.C. § 1692d(2); and

  c) Defendants Financial, Carlson and Woodhouse, and each of them, directly or indirectly, caused a telephone to ring, or engaged a person in telephone conversations, repeatedly or continuously, with the intent to annoy, abuse, or harass the person at the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5).

## CONSUMER INJURY

53. Plaintiff has suffered or will suffer substantial injury as a result of Defendant Defendants Financial, Carlson and Woodhouse, and each of them violations of Section 5(a) of the FTC Act and the FDCP A. In addition, Defendants Financial, Carlson and Woodhouse, and each of them, have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants Financial, Carlson and Woodhouse, and each of them, are likely to continue to injure Plaintiff, reap unjust enrichment, and harm the public interest.

54. Plaintiff has suffered or will suffer substantial injury as a result of Defendant Wells violations of Section 5(a) of the FTC Act and the FDCP A. In addition, Wells has been unjustly enriched as a result of its unlawful acts or practices. Absent injunctive relief by this Court, Wells are likely to continue to injure Plaintiff, reap unjust enrichment, and harm the public interest.

## INJUNCTION FOR VIOLATIONS OF THE FTC ACT AND THE FDCPA

55. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to ensure that Defendants will not continue to violate the FTC Act and the FDCPA.

## EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT AND THE FDCPA

56.     Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to all equitable and ancillary relief as it may deem appropriate in the enforcement of the FTC Act and the FDCPA, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

57.     Defendants Financial, Carlson, Woodhouse, and Wells violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

58.     Each instance within five years preceding the filing of this Complaint, in which Defendants failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

59.     Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (2007), authorizes the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

## THIS COURT'S POWER TO GRANT RELIEF

60.     Sections 13(b) and 19 of the FTC Act, 15 U.S.C. § 53(b) and 57b, and Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), empower this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wajih Ajib, pursuant to Sections l3(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and Section 814(a) of the FDCPA, 15 U.S.C. § 16921(a), and the Court's own equitable powers, requests that the Court:

1. Enter judgment against Defendants Financial Assistance, Inc., Gus Carlson, Brad Woodhouse, and Wells Fargo Bank and in favor of Plaintiff Wajih Ajib for each law violation alleged in this Complaint;

2. Enter a permanent injunction to prevent future violations of the FDCPA by Defendants Financial Assistance, Inc., Gus Carlson, Brad Woodhouse, and Wells Fargo Bank;

3. Award such relief as the Court finds necessary to redress injury to Plaintiff resulting from Defendants Financial Assistance, Inc., Gus Carlson, Brad Woodhouse, and Wells Fargo Bank N.A. violations of the FTC Act and the FDCPA, including but not limited to, rescission of reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains by Defendants Financial Assistance, Inc., Gus Carlson, Brad Woodhouse, and Wells Fargo Bank N.A.;

4. Award Plaintiff such temporary and/or preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of Plaintiff injury during the pendency of this action and to preserve the possibility of effective final relief, including, but not limited to, a temporary restraining order, preliminary injunction, and other ancillary relief;

5. Award Plaintiff monetary civil penalties for each of the Defendants Financial Assistance, Inc., Gus Carlson, Brad Woodhouse, and Wells Fargo Bank N.A. violations of FDCPA occurring within five

(5) years preceding the filing of this Complaint; and

6. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the court may determine to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: September / /  , 2013

Respectfully submitted,

_____
WAJIH AJIB, Plaintiff In Pro Se
P.O. Box 25911
Fresno, California 93729

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND OTHER EQUITABLE
RELIEF PURSUANT TO THE FEDERAL TRADE COMMISSION'S (FTC) AND THE FAIR DEBT
COLLECTION PRACTICES ACT (15 U.S.C. 1601 et seq.). - 18