# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAJIH AJIB, <br><br> Plaintiff, <br><br> v. <br><br> FINANCIAL ASSISTANCE, INC., et al., <br><br> Defendants. | Case No. 1:13-cv-01451-LJO-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS, DENYING PLAINTIFF'S MOTION REQUEST FOR INJUNCTIVE RELIEF, AND GRANTING PLAINTIFF AN OPPORTUNITY TO FILE A FIRST AMENDED COMPLAINT <br><br> (ECF No. 1) <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## INTRODUCTION

Plaintiff Wajih Ajib, appearing pro se and in forma pauperis, filed this action on September 11, 2013. (ECF No. 1.) Plaintiff brings this action against Defendants Financial Assistance, Inc. ("FAI"), Gus Carlson, Brad Woodhouse, and Wells Fargo Bank, N.A. alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1601 et seq., and the Federal Trade Commission Act ("FTCA") § 5, 15 U.S.C. § 41 et seq. seeking a temporary restraining order and preliminary injunction and monetary relief. The Court finds that Plaintiff's complaint fails to state any cognizable claims. Additionally, the FTCA does not provide for a private right of action and the FDCPA does not provide for injunctive relief to private litigants. Therefore, the FTCA claims should be dismissed and the request for injunctive relief should be

1

denied without leave to amend.

## SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## III.

## DISCUSSION

Plaintiff alleges that Defendants FAI, Carlson, and Woodhouse have threatened him with legal action, arrest, imprisonment, garnishment or seizure for failure to pay his debts, disclosed the existence of his debts to third parties, and contacted him at his place of employment when they were aware that his employer prohibited him from receiving such phone calls. Plaintiff contends that the defendants' actions violated the FDCPA and FTCA. For the reasons stated below, the Court finds that Plaintiff's complaint fails to state a cognizable claim for relief.

///

### A. No Private Right of Action Exists Under the FTCA

Plaintiff alleges that the actions of the defendants were in violation of the FTCA and is seeking injunctive relief and damages. The FTCA provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are . . . unlawful." 15 U.S.C. § 45 (a)(1). However, the FTCA vests remedial power solely in the Federal Trade Commission to combat unfair trade practices. Carlson v. Coca-Cola Co., 483 F.2d 279, 280-81 (9th Cir. 1973); Nelson v. American Home Mortg. Servicing, Inc., No. 2:10-cv-04562-GAf (PLAx), 2010 WL 3034233, at *2 (C.D. Cal. July 29, 2010). The protection against unfair practices provided for by the FTCA does not give consumers a private right of action. Carlson, 483 F.2d at 281. Therefore, Plaintiff fails to state a claim under the FTCA and the Court recommends that Counts One and Two be dismissed with prejudice.

### B. The Complaint Fails to State a Cognizable Claim Under the FDCPA

Plaintiff also alleges that Defendants violated the FDCPA and seeks damages and injunctive relief. "To establish a claim under the FDCPA, a plaintiff must show: (1) he is a consumer within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o." Laugenour v. Northland Group Inc., No. 2:12-cv-02995 GEB DAD PS, 2013 WL 3745727, at *2 (E.D. Cal. July 15, 2013) (citing Moriarity v. Nationstar Mortg., LLC, No. 1:13–cv–0855 AWI SMS, 2013 WL 3354448, at *4 (E.D. Cal. July 3, 2013)).

Plaintiff alleges that Defendants FAI, Carlson and Woodhouse are debt collectors under the FDCPA. However, while the complaint provides the definition of a consumer and consumer debt, it is devoid of any factual allegations that Plaintiff is a consumer under the FDCPA or that the debt which is the subject of this action is a consumer debt. Finally, Plaintiff fails to allege any facts to show that Defendant Wells Fargo is a debt collector under the FDCPA. Plaintiff has failed to state a cognizable claim for a violation of the FDCPA. Because Plaintiff may be able to state a cognizable claim under the FDCPA, the Court recommends that he be granted an opportunity to amend his complaint for damages. However, as discussed below, Plaintiff may not

seek injunctive relief for a violation of the FDCPA.

### C. Injunctive Relief is Not Available Under the FDCPA

Plaintiff seeks "temporary, preliminary, and permanent injunctive relief" for violations of the FDCPA. However, the FDCPA does not permit private actions for injunctive relief. 15 U.S.C. § 1692k; Vitullo v. Mancini, 684 F.Supp.2d 760, 763-64 (E.D. Va. 2010) ("Congress did not intend to allow private litigants to seek injunctive relief under § 1692k"); Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004) ("Because the statute explicitly provides declaratory and equitable relief only through action by the Federal Trade Commission, we believe the different penalty structure demonstrates Congress's intent to preclude equitable relief in private actions [under the FDCPA]"); Crawford v. Equifax Payment Services, Inc., 201 F.3d 877, 882 (7th Cir. 2000) ("all private actions under the [FDCPA] are for damages"); Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830, 834 (11th Cir. 1982) ("equitable relief is not available to an individual under the civil liability section of the [FDCPA]"). Because the FDCPA does not provide for injunctive relief to private litigants, Plaintiff's request for injunctive relief should be denied without leave to amend.

### IV.

### CONCLUSION AND RECOMMENDATION

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). Plaintiff should be granted leave to file an amended complaint within thirty days.[1] Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, the FTCA does not provide for a private right of action and this claim should be dismissed. Furthermore, the FDCPA does not provide for injunctive relief to private litigants so

---

[1] Plaintiff is advised that he is not being given leave to file an amended complaint at this time. When an order issues addressing the findings and recommendations, Plaintiff will be given a deadline to file an amended complaint should the district court find that amendment is appropriate.

Plaintiff's request for injunctive relief should be denied. Because the FTCA claim and request for injunctive relief are unable to be cured by amendment, they should be dismissed without leave to amend.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's complaint, filed September 11, 2013, be DISMISSED with leave to amend for failure to state a claim upon which relief may be granted;

2. Plaintiff's claim alleging violation of the FTCA be DISMISSED without leave to amend; and

3. Plaintiff's request for injunctive relief under the FDCPA be DENIED without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 7, 2013**

UNITED STATES MAGISTRATE JUDGE